**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50272 |
| Plaintiff - Appellee, | D.C. No. 5:08-cr-00011-VAP |
| v. | |
| PEDRO SOTO-MONTENEGRO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Pedro Soto-Montenegro appeals from the 51-month sentence imposed following his guilty-plea conviction for illegal reentry by an alien following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Soto-Montenegro contends that the district court miscalculated his criminal history score when it added a criminal history point for a 2007 conviction for shoplifting because it involved conduct that occurred during the commission of his illegal reentry offense. This argument is foreclosed by *United States v. Cruz-Gramajo*, 570 F.3d 1162, 1164, 1167-73 (9th Cir. 2009).

Soto-Montenegro also contends that the district court plainly erred when it added two points to his criminal history score for a 180-day sentence that was imposed more than ten years prior to the commencement of the instant offense. The government concedes that this was an erroneous assignment of criminal history points under the Guidelines. However, the error did not impact Soto-Montenegro's substantial rights because he remains a category VI offender even after the deduction of these points from his criminal history score. *See id*. at 1174.

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the reference to 8 U.S.C. § 1326(b)(2).

**AFFIRMED; REMANDED to correct the judgment.**